ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6528
    Facsimile: (213) 894-7177
    E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 12-03792 JBG(PLAx) |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| REAL PROPERTY LOCATED AT 2173 ORTEGA HILL ROAD, SUMMERLAND, CALIFORNIA, (NORMAN), | |
| Defendant. | |
| DIANE NORMAN AND PACIFIC WESTERN BANK, | |
| Claimants. | |

This action was filed on May 2, 2012. Notice was given and published in accordance with law. Claimant and lienholder

Pacific Western Bank[1] ("Pacific Western") filed a claim and answer on June 5, 2012 and June 18, 2012, respectively. Claimant and titleholder Diane Norman ("Norman") filed a claim and answer on October 18, 2012.  Los Padres Bank (now Pacific Western) provided a loan in the original principal amount of $1,048,629.00 ("Loan"), which Loan is secured by, among other documents, a Deed of Trust (the "Deed of Trust") executed by Norman, and recorded against the defendant property on May 28, 2004 with the Santa Barbara County Recorder, as instrument no. 2004-0057897.  (The Deed of Trust and all other documents executed in connection with the Loan, or perfecting a security interest granted in connection with the Loan, shall hereinafter be referred to as the "Loan Documents.")  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government"), Norman and Pacific Western have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 21703 Ortega Hill Road, Summerland, California; and (b) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of

---

[1] Pacific Western Bank is the successor to the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Los Padres Bank, which provided the original loan against the defendant property.

2

marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana; or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2.  This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3.  On or about May 2, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4.  Norman and Pacific Western filed a timely claim and answer.  No other claimant has appeared in this action.

5.  On June 18, 2012, Pacific Western filed a third party complaint against Norman.

6.  Notice of this action has been given in accordance with law.  No appearances having been made in this action by any person other than Norman and Pacific Western, the Court deems that all other potential claimants admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

7.  Norman shall retain possession of and title to the defendant property, and in consideration thereof, Norman and Pacific Western agree to abide by the terms of this Agreement. Norman and Pacific Western shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 8 below.  If Norman fails to comply with any of the terms of paragraph 8, or if Pacific Western fails to comply with

Paragraph 9, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 10, below.

8. Neither Norman nor Pacific Western shall use or occupy the defendant property, nor shall either allow the defendant property to be used or occupied, for any illegal purpose. (All obligations of Pacific Western under Paragraph 8 shall be contingent upon Paragraph 9, below, and shall not be present obligations.) Each of Norman and Pacific Western shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto. Neither Norman nor Pacific Western shall knowingly rent, lease or otherwise allow the use or occupancy of any of claimants' property to (a) any former tenant who used or occupied any of claimants' property for any illegal purpose; or (b) any person Norman or Pacific Western have reason to believe may use or occupy the claimants' property for any illegal purpose. Neither Norman nor Pacific Western shall knowingly allow any of the claimants' property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimants' property.[2]

9. Pacific Western is and, at all relevant times through the date execution of this judgment by the parties, has been an innocent owner as set forth in 18 U.S.C. § 983(d). In the event that Pacific Western becomes the owner of the defendant property

---

[2] The government is currently informed and believes that there is no location of any claimants' property currently listed in any such publications.

whether as a result of foreclosure of the Deed of Trust or otherwise, Pacific Western acknowledges that it will be required to comply with the provisions of Paragraph 8 above.

10. In the event that either or both claimants fail to comply with any of the terms of paragraph 8 or 9 (as applicable) of this Consent Judgment during ownership of the defendant property, for no longer than the four (4) year period following the entry of this judgment, the entirety of each non-complying claimants' interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. In the event Norman's ownership interest is forfeited, the defendant property shall remain subject to the secured lien of Pacific Western on the defendant property. In the event of forfeiture, the Santa Barbara County Recorder shall index this Judgment in the grantor index under the name of Diane Norman and in the grantee index in the name of the United States of America. If the government believes that Norman or Pacific Western have failed to comply with any provision of paragraph 8, it shall provide written notice of such failure to Norman and Pacific Western (as well as their respective undersigned counsel), describing the provision believed to have been violated. Norman and/or Pacific Western shall have fifteen (15) days from its receipt of such notice to cure the violation. In order to cure the violation, Norman and/or Pacific Western shall immediately initiate steps which the government deems to be sufficient to cure the violation (e.g., initiation of an unlawful detainer action) and thereafter continue and complete all reasonable and necessary steps to

produce compliance as soon as reasonably practicable.  If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of Norman or Pacific Western to timely cure the violation.  The government shall provide claimants with all necessary proof and information that supports its allegation that there has been non-compliance.  Norman and/or Pacific Western shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the interest of the non-compliant claimant in the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of

Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, Norman and Pacific Western agree that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

11.  Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by Norman and Pacific Western at a reasonable time to be agreed upon by the parties.  Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Norman or Pacific Western may request a hearing.

12.  This Consent Judgment shall only be recorded in accordance with and upon full compliance with the provisions of paragraph 10 above.

13.  In consideration of the government's agreement not to pursue Norman's interest in the defendant property, Norman shall pay the sum of $20,000.00 to the government as follows: $10,000.00 shall be paid within 6 months of the entry of this consent judgment by the Court; $10,000.00 shall be paid within 1 year of the entry of this consent judgment by the Court.  Such

7

payments shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein.  The United States Marshals Service is ordered to dispose of the funds in accordance with law.

14.   In consideration of Norman's agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit Norman's interest in the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed consent judgment except as otherwise provided herein.  The government agrees that if payment is made as provided in paragraph 13, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Santa Barbara County within ten days of such payment.

15.   Should Norman fail to timely make the payments required herein following entry of this consent judgment, the government shall acquire a lien against the defendant real property in the sum of $20,000.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days after entry of this consent judgment, unless the parties agree otherwise in writing.  The government shall give written notice to Norman by letter directed to Norman and Elizabeth O'Brien, as set forth below, thirty (30) days before the government intends to enforce its right of sale of the

property.  At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

      a.   First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

      b.   Second, to Pacific Western Bank;

      c.   Third, to the payment due under the terms of this judgment; and

      d.   Fourth, any remainder to Norman.

16.  The obligations of Norman and Pacific Western pursuant to this consent judgment, other than the payment by Norman set forth in paragraph 13, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by Norman of her entire interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government or ownership transferred pursuant to foreclosure of the Deed of Trust by Pacific Western.

//

17. Except as otherwise set forth in this Consent Judgment and in particular in Paragraph 10 above, Norman and Pacific Western have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by them or on their behalf.

18. By executing this Consent Judgment, Norman acknowledges and agrees that in the event of any violation of this Consent Judgment by her that is uncured as determined pursuant to the terms and procedures set forth in Paragraph 10 above, Pacific Western shall be entitled to immediately declare the Loan in default and immediately proceed with enforcing all of Pacific Western's rights and remedies under the Loan Documents, including, without limitation, foreclosure of the Deed of Trust, without any further notice except as may be required under the Loan Documents or in accordance with applicable law.  The government acknowledges that Pacific Western shall not be required, in the event of any violation of this Consent Judgment by Norman that is uncured as determined pursuant to the terms and procedures set forth in Paragraph 10 above, to declare the Loan in default and/or to proceed to enforce any of Pacific Western's rights and remedies under the Loan Documents, including, without limitation, foreclosure of the Deed of Trust, prior to the expiration of any applicable

cure period under this Consent Judgment in order for Pacific Western to establish that Pacific Western is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  Pacific Western agrees and the government acknowledges that Pacific Western will not seek to enforce its rights and remedies for any uncured violation under Paragraph 8 above until such time as the expiration of the cure provisions set forth in Paragraph 10 above; however, nothing in this Consent Judgment shall preclude Pacific Western from enforcing its rights or remedies including, without limitation, foreclosure of the Deed of Trust, based on any other default under the Loan Documents, including, but not limited to, a payment default.

19.  The parties shall each bear their own costs and attorneys' fees in this action.

20.  The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

21.  The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

22.  All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing

1  such notice in a sealed envelope in the United States mail,
2  postage prepaid, by registered or certified mail, return receipt
3  requested, addressed to, except as otherwise provided in this
4  Consent Judgment, the recipient at the address set forth below:
5  To the Government:  P. Greg Parham, Assistant U.S. Attorney,
6  Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los
7  Angeles, CA 90012.
8  To Norman: 2808 Mission Drive, Solvang, CA 93463; and in care of
9  Elizabeth O'Brien, Lynn & O'Brien, LLP, 1516 Chapala Street,
10 Santa Barbara, CA 93101.
11 To Pacific Western:  Holly A. Hayes, Pacific Western Bank, 444
12 S. Flower Street, 14th Floor, Los Angeles, CA 90071; Maryann
13 Hobbs, Pacific Western Bank, 8105 Irvine Center Drive, Suite
14 1050, Irvine, CA 92618; and in care of Gary Tokumori, Parker
15 Milliken Clark O'Hara & Samuelian, 555 S. Flower Street, 30th
16 Floor, Los Angeles, CA 90071.
17 Any notice so given by mail shall be deemed to have been given
18 as of the date of delivery (whether accepted or refused)
19 established by the U.S. Post Office return receipt or the
20 overnight courier's proof of delivery, as the case may be.

JS-6

22 Dated:  May 6, 2013
                                THE HONORABLE JESUS G. BERNAL
23                              UNITED STATES DISTRICT JUDGE

25 [Signatures of the parties follow.]

Approved as to Content:

DATED: April 17, 2013       ANDRÉ BIROTTE JR.
                            United States Attorney
                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section

                               /s/ P. Greg Parham
                            P. GREG PARHAM
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America

DATED: April 16, 2013       PACIFIC WESTERN BANK

                            By:    /s/

                            Name:  Jeffrey A. Goddard

                            Title: EVP

DATED: April 12, 2013
                               /s/ Diane Norman
                            DIANE NORMAN

**Approved as to form:**

DATED: April 16, 2013       PARKER MILLIKEN CLARK O'HARA &
                            SAMUELIAN

                                /s/ Gary Tokumori
                            GARY TOKUMORI
                            Attorney for Claimant
                            PACIFIC WESTERN BANK

DATED: April 12, 2013       LYNN & O'BRIEN, LLP

                               /s/ Elizabeth O'Brien
                            ELIZABETH O'BRIEN
                            Attorney for Claimant
                            DIANE NORMAN